## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| MCOM IP, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO.,<br><br>            Defendant. | Civil Action No. 6:22-cv-00260-ADA |

## DEFENDANT'S OPPOSED MOTION TO STAY CASE PENDING RESOLUTION OF *INTER PARTES* REVIEW

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| III. | STATEMENT OF LAW | 2 |
| IV. | ARGUMENT | 3 |
| | A. Granting A Stay Would Not Unduly Prejudice mCom | 3 |
| | B. The Proceedings Before This Court Are Not At An Advanced Stage | 4 |
| | C. A Stay Will Result In Simplification of the Case | 4 |
| V. | CONCLUSION | 5 |

## **TABLE OF AUTHORITIES**

**Cases**

*Asestek Holdings, Inc. v. Cooler Master Co., Ltd.*,
  No. 13-cv-00457-JST, 2014 WL 1350813 (N.D. Cal. Apr. 3, 2014) .......................................... 4

*Click-to-Call Techs. LP v. Oracle Corp.*,
  No. A-12-CA-468-SS, 2013 WL 12121528 (W.D. Tex. Nov. 26, 2013) ................................... 5

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
  No. A-13-CA-800, 2015 WL 3773014 (W.D. Tex. June 16, 2015) .......................................... 4

*Evolutionary Intelligence LLC v. Yelp, Inc.*,
  No. C-13-03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) .................................... 3

*e-Watch, Inc. v. ACTi Corp., Inc.*,
  No. SA-12-CA-695-FB, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) ................................... 4

*Kirsch Res. and Development, LLC v. Tarco Specialty Prods., Inc.*,
  No. 6:20-cv-00318-ADA, 2021 WL 4555804 (Oct. 4, 2021) ............................................... 3, 4

*Murata Mach. USA v. Daifuku Co., Ltd.*,
  830 F.3d 1357 (Fed. Cir. 2016) ................................................................................................ 2

*NFC Tech., LLC v. HTC America, Inc.*,
  No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ............................. 3, 4

*Stragent LLC v. BMW of North America LLC*,
  No. 6:16-cv-446, 2017 WL 3709083 (E.D. Tex. July 11, 2017) .............................................. 4

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
  No. 3:18-cv-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020) ........................................... 4

*Univ. of Va. Patent Found. v. Hamilton Co.*,
  No. 3:13-cv-00033, 2014 WL 4792941 (W.D. Va. Sept. 25, 2014) .......................................... 3

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ................................................................................................ 3

**Statutes**

35 U.S.C. § 102 ................................................................................................................................ 2

35 U.S.C. § 103 ................................................................................................................................ 2

35 U.S.C. § 316(a)(11) ..................................................................................................................... 2

**I.      INTRODUCTION**

JPMorgan Chase Bank N.A.[1] (hereafter "JPM") requests that the Court enter a stay in the above-captioned case pending the resolution of *Inter Partes* Review No. IPR2022-00055 ("the IPR"), currently before the United States Patent & Trademark Office.  U.S. Patent No. 8,862,508 ("the '508 patent) – the sole patent asserted in this case by Plaintiff mCom IP, LLC ("mCom") – is the subject of the IPR, in which the Patent Trial & Appeal Board ("PTAB") has instituted trial as to claims 1, 3-7, 9-13, 15-16 and 18-20.  mCom's complaint in this case provides claim charts for only claim 7 and offers no indication that any claims not challenged in the IPR will be asserted in this case.  JPM submits that this is a case in which a stay is absolutely justified.[2]

Each of the factors this Court considers in weighing a stay weighs strongly in favor of granting one in this case.  First, mCom will not be prejudiced by a stay because it does not compete with JPM in any way and can be made whole for any delay by monetary damages should the IPR, and then this case, be resolved in mCom's favor.  Second, this request comes at the earliest possible stage of litigation.  JPM is filing its answer concurrently with this complaint, and the IPR was instituted several weeks before mCom filed its complaint against JPM.  No schedule has been set, and the final written decision in the IPR will be issued no later than March 2023, well before any trial in this matter could be scheduled.   Finally, the instituted IPR has the potential to entirely

---

[1] While Plaintiff's Complaint alleges infringement by JPMorgan Chase & Co., the accused products and services are controlled by JPMorgan Chase Bank N.A.  As such, JPMorgan Chase Bank is filing this motion to stay on behalf of Defendant JPMorgan Chase & Co.  Defendant will work with Plaintiff to ensure that the proper entity is substituted into this case.

[2] On April 26, 2022, counsel for JPM contacted counsel for mCom to inform them that JPM would be filing the above motion, and to determine whether the motion would be opposed. Counsel for JPM requested a response by the close of business on April 27, 2022.  Plaintiff had not responded to counsel's request as of the time of filing this motion.

resolve the parties dispute by eliminating the sole claim at issue here. As such, the Court should grant JPM's motion.

## II.   FACTUAL BACKGROUND

On October 15, 2021, third-party Unified Patents LLC filed a petition for *inter partes* review against the '508 patent, challenging claims 1, 3-7, 9-13, 15-16 and 18-20 on four grounds as invalid under 35 U.S.C. §§ 102 and 103. Exh. 1. The patent owner, mCom, filed a preliminary response on January 28, 2022. Exh. 2. On March 7, 2022, the PTAB instituted trial as to all challenged claims. Exh. 3 at 45. Pursuant to the PTAB's scheduling order, oral argument in the IPR is scheduled for December 6, 2022. Exh. 4. A final written decision will be issued no later than March 7, 2023. See 35 U.S.C. § 316(a)(11).

On March 10, 2022 – five months after Unified Patents filed its challenge to the '508 patent, and three days after the PTAB's Decision to Institute – mCom filed suit against JPM and four other companies, asserting the same '508 patent that is the subject of the instituted IPR.[3] Dkt. No. 1. In its Complaint, mCom alleges that JPM infringes claims 1-20 of the '508 patent by "maintain[ing], operat[ing] and administer[ing] methods and systems of unified banking systems…." *Id.*, ¶ 8. However, mCom's complaint charts only claim 7 of the '508 patent. Dkt. No. 1-1. On April 8, 2022, the parties jointly agreed to extend JPM's time to respond to the Complaint to April 28, 2022. No further dates have been scheduled.

## III.   STATEMENT OF LAW

The ability to stay cases is an exercise of the Court's inherent power to manage its own docket. *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). In

---

[3] mCom also filed suit against a fifth company in the Northern District of Texas, then withdrew that complaint and re-filed before this Court four days later.

deciding whether to grant a stay pending *inter partes* review, "'district courts typically consider three factors . . . (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court.'" *Kirsch Res. and Development, LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555804, at *2 (Oct. 4, 2021) (*quoting NFC Tech., LLC v. HTC America, Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)).

IV.  **ARGUMENT**

    A.  **Granting A Stay Would Not Unduly Prejudice mCom**

The first factor, whether the stay will unfairly prejudice the nonmoving party, favors JPM. The '508 patent was acquired by mCom, which was established in December 2020, through a series of assignments from the inventor. Exhs. 5-6. mCom is managed by an entity called Pueblo Nuevo, LLC, which is in turn managed by a patent monetization entity called Dynamic IP Deals, LLC. See Exhs. 7-9. In other words, mCom is a recently formed non-practicing entity (NPE) that offers no products for sale and does not compete with JPM in any way. Further, mCom has not moved for a preliminary injunction or otherwise indicated that injunctive relief is appropriate. As a result, monetary relief will be sufficient to compensate mCom for any injury, and JPM is sufficiently capitalized to provide that compensation. *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014); *Evolutionary Intelligence LLC v. Yelp, Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013) ("[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement"); *Univ. of Va. Patent Found. v. Hamilton Co.*, No. 3:13-cv-00033, 2014 WL 4792941, at *3 (W.D. Va. Sept. 25, 2014). And "mere delay in collecting [monetary] damages

3

does not constitute undue prejudice." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) (*citing Asestek Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13-cv-00457-JST, 2014 WL 1350813 (N.D. Cal. Apr. 3, 2014).

### B.    The Proceedings Before This Court Are Not At An Advanced Stage

The second factor, whether the proceedings before the court have reached an advanced stage, also favors JPM.  JPM has filed this motion at the outset of this case.[4]  No schedule has been set by the Court.  The parties have not exchanged claim construction contentions or any discovery.  In other words, no papers (other than this motion) have been filed which require the Court's attention.  When, as here, a stay motion is presented early in the case, courts grant a stay because "the majority of the expenses that the parties will incur are still in the future." *Stragent LLC v. BMW of North America LLC*, No. 6:16-cv-446, 2017 WL 3709083, at *3 (E.D. Tex. July 11, 2017); *see also e-Watch, Inc. v. ACTi Corp., Inc.*, No. SA-12-CA-695-FB, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013); *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-cv-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020).

### C.    A Stay Will Result In Simplification of the Case

Finally, "[t]he most important factor bearing on whether to grant a stay…is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *Kirsch Research*, 2021 WL 4555804, at *3 (*quoting NFC Tech.*, 2015 WL 1069111, at *4).  A stay here will do exactly that.  mCom, as part of its Complaint, charted only claim 7 of the '508 patent.  Dkt. No. 1-1.  And the PTAB, in its institution decision, found that petitioner showed a reasonable likelihood that it would prevail with respect to claim 7.  See Exh. 3 at 28-35, 39.  Thus, it is likely that the PTAB will cancel all the claims asserted in this case, eliminating it altogether.  As such,

---

[4] Concurrently with this motion, JPM is also filing its answer and counterclaims.

"[p]roceeding to trial could therefore be extraordinarily wasteful of both the parties' resources and the Court's resources." *Click-to-Call Techs. LP v. Oracle Corp.*, No. A-12-CA-468-SS, 2013 WL 12121528, at *1 (W.D. Tex. Nov. 26, 2013). Further, JPM has agreed to be bound by the PTAB's decision with respect to the grounds on which the Petition was instituted. Exh. 10. Thus, even if the IPR does not invalidate the asserted claims, it will simplify the issues before the court.

## V. CONCLUSION

For the reasons stated herein, Defendant JPM respectfully request that the Court stay this case pending final resolution of IPR2022-00055.

Dated: April 28, 2022

RESPECTFULLY SUBMITTED,

By: /s/ *Alethea Anne Swift*
Alethea Anne Swift (Texas Bar No. 24102552)
Christopher L. May (*pro hac vice* pending)
Massey & Gail LLP
1000 Maine Ave. SW, Suite 450
Washington, DC 20024
Tel: (202) 652-4511
Fax: (312) 379-0467
aswift@masseygail.com
cmay@masseygail.com

*Counsel for JPMorgan Bank N.A.*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which automatically serves and sends notice of such filing to all counsel of record.

*/s/ Alethea Anne Swift*
Alethea Anne Swift